| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>SOUTHERN DISTRICT OF NEW YORK | <u>FOR PUBLICATION</u> |

-----------------------------------------------------------------x

In re:                                                                                                  Case No. 14-23058 (SHL)

ROGER ALLEN MASON,                                                              Chapter 7

                      Debtor.

-----------------------------------------------------------------x

KANTROWITZ, GOLDHAMER
& GRAIFMAN, P.C.,

                      Plaintiff,

                v.                                                                           Adv. No. 14-08258 (SHL)

ROGER ALLEN MASON,

                      Defendant.

-----------------------------------------------------------------x

## POST-TRIAL MEMORANDUM OF DECISION

**A P P E A R A N C E S:**

**KANTROWITZ, GOLDHAMER
& GRAIFMAN, P.C.**
*Attorneys for Plaintiff*
747 Chestnut Ridge Road
Chestnut Ridge, NY 10977
By:    James B. Glucksman

**DE MOYA & ASSOCIATES, P.C.**
*Attorneys for Defendant*
163 South Main Street
New City, NY 10956
By:    Desiree Venicia de Moya

**SEAN H. LANE
UNITED STATES BANKRUPTCY JUDGE**

       Before the Court are the merits of the above-captioned adversary proceeding commenced

by Kantrowitz, Goldhamer & Graifman, P.C. (the "Plaintiff" or "KGG") in the Chapter 7

proceeding of Roger Allen Mason (the "Debtor" or the "Defendant"). The Plaintiff filed this adversary complaint (the "Complaint") (ECF No. 1)[1] alleging that a decision and judgment entered in state court for, *inter alia*, counsel fees to the Plaintiff is non-dischargeable under the Bankruptcy Code.[2] *See* Complaint, Count One. The trial in this case took place on November 6, 2015. For the reasons set forth below, the Court finds that the award of counsel fees to KGG is not dischargeable in bankruptcy.

## **BACKGROUND**

In August 2010, Barbara Mason commenced a divorce action in the Supreme Court of the State of New York, County of Rockland (the "Divorce Action") against the Defendant. Complaint ¶ 9. Ms. Mason was represented by KGG in the Divorce Action. *Id.* ¶ 10. The issues of spousal maintenance, child support, equitable distribution, and counsel fees were tried before the Honorable Linda S. Jamieson. *See* Decision and Order After Trial dated May 29, 2013 (the "Divorce Decision"), PX-1. Among other things, the Divorce Decision awarded Ms. Mason $50,000 in counsel fees. *See id.* at 20. The Divorce Decision provided, in relevant part, "[g]iven the extreme difficulties that plaintiff encountered in this case, including defendant's failure to pay his Court-ordered obligations, resulting in multiple contempt applications and the eventual incarceration of defendant, as well as the 'relative merit of the parties' positions,' the Court finds that it is just to award plaintiff $50,000 in counsel fees." *Id.* (citation omitted).

---

[1]    Unless otherwise specified, all references to the Case Management/Electronic Case Filing ("ECF") docket are to Adv. Proceeding No. 14-08258.

[2]    The Plaintiff also alleges that the Defendant is not entitled to a discharge pursuant to 11 U.S.C. § 727(a)(2)(A) and (a)(7) because he transferred certain property located in Stony Point, New York to his former spouse for no consideration for the purpose of hindering, delaying or defrauding the Plaintiff, within one year of filing the bankruptcy. *See* Complaint, Count Two. The Plaintiff seeks relief from the automatic stay to pursue litigation against the Defendant in state court to reverse the property transfer and enforce its judgment against the Defendant. This claim was not addressed by the parties at the trial, and therefore, is not the subject of this decision.

On October 11, 2013, a judgment of divorce was entered incorporating the Divorce Decision (the "Divorce Judgment"). *See* Divorce Judgment, PX-2. The Divorce Judgment ordered the Defendant to "pay [Ms. Mason's] counsel, Kantrowitz, Goldhamer & Graifman, P.C., the sum of $50,000 on or before July 31, 2013, as and for counsel fees." *Id.* at 5–6. The Divorce Judgment further stated: "[t]his award is not dischargeable in bankruptcy as it is in the nature of support[.]" *Id.* at 6. The Defendant did not make the payment as required by the Divorce Judgment. *See* Audio of Trial Held on November 6, 2015 at 55:00–56:26.[3] On December 17, 2013, a money judgment was entered in favor of KGG against the Defendant in the amount of $50,000.00, plus costs of $2,526.00 and recorded against the Defendant's property located at 7 Phelps Ave., West Haverstraw, New York ("KGG's Judgment"). *See* Judgment, PX-3. KGG's Judgment has not since been amended or vacated. *See* Audio of Trial Held on November 6, 2015 at 47:20–50:52.

In January 2014, the Defendant and Ms. Mason executed a stipulation (the "Post-Divorce Stipulation") purporting to modify certain provisions of the Divorce Judgment relating to maintenance, child support, and the distribution and transfer of marital assets. *See* Post-Divorce Stipulation, DX-H; Joint Pre-Trial Order, Section III, ¶ 23 (ECF No. 30). In June 2014, an order was filed with the Supreme Court, County of Rockland, implementing the Post-Divorce Stipulation (the "Post-Divorce Order"). *See* Order, DX-I. On September 24, 2014, the Post-Divorce Order was signed by the Honorable Gerald E. Loehr and entered. *See id.* KGG was not given notice of the Post-Divorce Stipulation or the subsequent Post-Divorce Order. *See* Joint Pre-Trial Order, Section III, ¶ 27.[4]

---

[3]    Neither party requested a written transcript of the trial but an audio recording exists of the proceeding.

[4]    In September 2014, KGG commenced a breach of contract action in state court against the Defendant and his former spouse seeking a money judgment for unpaid legal fees, plus interest and to set aside the transfer of the

The Defendant filed for Chapter 7 bankruptcy relief on July 26, 2014. KGG subsequently filed this adversary proceeding contending the award of counsel fees in the Divorce Judgment is not dischargeable pursuant to 11 U.S.C. §§ 523(a)(5) and (15). *See* Complaint ¶¶ 21–27; Joint Pre-Trial Order, Section IV.A., ¶ 15. The Defendant argues that the Post-Divorce Stipulation and Post-Divorce Order amended certain provisions of the Divorce Judgment and, as a result, the Defendant is no longer obligated to pay the counsel fee award. *Id.* at 8–9.

## DISCUSSION

### A. Dischargeability of a Domestic Support Obligation Pursuant to § 523(a)(5) and (15)

Under the Bankruptcy Code a "domestic support obligation" is not dischargeable. *See* 11 U.S.C. § 523(a)(5). A domestic support obligation is defined by Section 101(14A) as:

> a debt that accrues before, on, or after the date of the order for relief in a case under this title, including interest that accrues on that debt as provided under applicable nonbankruptcy law notwithstanding any other provision of this title, that is—**(A)** owed to or recoverable by—**(i)** a spouse, former spouse, . . . **(B)** in the nature of alimony, maintenance, or support . . . of such spouse, former spouse . . . without regard to whether such debt is expressly so designated; **(C)** established or subject to establishment before, on, or after the date of the order for relief in a case under this title, by reason of applicable provisions of—**(i)** a separation agreement, divorce decree, or property settlement agreement; **(ii)** an order of a court of record; or **(iii)** a determination made in accordance with applicable nonbankruptcy law by a governmental unit . . . .

11 U.S.C. § 101(14A). "Federal bankruptcy law, not state law, determines whether an obligation is a domestic support obligation." *In re Dudding*, 2011 WL 1167206, at *5 (Bankr. D. Vt. Mar. 29, 2011). When determining whether an obligation constitutes a domestic support obligation,

---

property located at 7 Phelps Ave., W. Haverstraw, NY to the Defendant due to alleged fraud. *See* Joint Pre-Trial Order, Section III, ¶ 28. While the Debtor was never served in that action, the Debtor contends the filing of the action violated the automatic stay imposed by the bankruptcy. *See* Plaintiff's Motion for Summary Judgment ("Pl.'s Motion") at 7 (ECF No. 14-3); Defendant's Opposition to Plaintiff's Summary Judgment Motion at 13–15 (ECF No. 17). KGG argues that the automatic stay should be lifted *nunc pro tunc* and further states it did not violate the automatic stay by commencing a state court action against the Defendant, as "[n]o adversary proceeding need be filed to obtain a determination of dischargeability as to debts that fall within the definitions of §§ 523(a)(5) and 523(a)(15)." Pl.'s Motion at 14–15 (citing *In re Rogowski*, 462 B.R. 435, 440 n.8 (Bankr. E.D.N.Y. 2011)). As KGG did not file a separate motion seeking to lift the automatic stay, this issue is not currently before the Court.

courts "look to the substance, and not merely the form, of the payments." *Brody v. Brody (In re Brody)*, 3 F.3d 35, 38 (2d Cir. 1993). Additionally, courts have found that "the nature of the debt [is] more important than the identity of the payee." *In re Rogowski*, 462 B.R. 435, 443 (Bankr. E.D.N.Y. 2011) (citing *In re Spong*, 661 F.2d 6, 9–10 (2d Cir. 1981)). For example, in *In re Rogowski*, the court found that an award of attorney's fees in a matrimonial action, payable directly to the former spouse's attorneys, constituted a domestic support obligation and therefore, was not dischargeable in bankruptcy. *Id.* at 436–37. "[A] New York court must, at a minimum, find that the former spouse requires financial support before the court can properly award that spouse matrimonial attorney's fees." *Id.* at 446. Thus, an award of matrimonial attorney's fees is "in the nature of alimony, maintenance, or support." *Id.* "It is well settled in [the Second Circuit] that obligations in the nature of alimony, maintenance and support may include attorney's fees incurred by a former spouse in connection with a divorce proceeding, custody dispute, or obtaining and enforcement of alimony and support awards." *In re Klein*, 197 B.R. 760, 761 (Bankr. E.D.N.Y. 1996).

In addition to the non-dischargeability provision in Section 523(a)(5), Section 523(a)(15) of the Bankruptcy Code excepts from discharge *any* debt to a spouse or former spouse that is incurred "in the course of a divorce or separation or in connection with a separation agreement, divorce decree or other order of a court of record . . . ." 11 U.S.C. § 523(a)(15). Thus, Section 523(a)(15) encompasses a broader category of debt than a domestic support obligation under Section 523(a)(5). Thus, a court "need not make a determination on whether the amounts awarded under the [j]udgments at issue constitute domestic support obligations under 11 U.S.C. § 523(a)(5) if the [p]laintiff can demonstrate that the [j]udgments would be nondischargeable in any event under 11 U.S.C. § 523(a)(15) . . . ." *In re Golio*, 393 B.R. 56, 62 (Bankr. E.D.N.Y.

5

2008) (finding attorney's fees awarded pursuant to a divorce agreement were non-dischargeable under 11 U.S.C. § 523(a)(15)). As a result, "courts have recognized that attorney's fees awarded in a divorce proceeding are non-dischargeable under § 523(a)(15) regardless of whether or not the fees are considered to be in the nature of support or for some other purpose." *In re Schenkein*, 2010 WL 3219464, at *5 (Bankr. S.D.N.Y. Aug. 9, 2010); *see In re Tarone*, 434 B.R. 41, 49 (Bankr. E.D.N.Y. 2010) (finding it irrelevant whether awards for maintenance and attorneys' fees awarded by the state court were true support obligations because they were non-dischargeable pursuant to Section 523(a)(15)); *cf. In re Golio*, 393 B.R. at 63 (concluding that exempting plaintiff spouse's attorneys' fees and costs from discharge given defendant's willful failure to comply with the state court judgments and orders was "consistent with the legislative purpose of 11 U.S.C. §§ 523(a)(5) and (a)(15)").

### B. The Award of Counsel Fees are Non-dischargeable

The Defendant conceded at trial that the debt would be non-dischargeable but for the Post-Divorce Order. *See* Audio of Trial Held on November 6, 2015 at 33:35–34:12. Putting aside the Post-Divorce Order, the award of Ms. Mason's counsel fees easily satisfies the requirements for non-dischargeability. As it was part of the Divorce Judgment and subsequent Divorce Order, it was "incurred in the course of a divorce." 11 U.S.C. § 523(a)(15). It is irrelevant that the attorneys' fees are payable directly to Ms. Mason's matrimonial attorneys. *See In re Golio*, 393 B.R. at 63. As the debt is payable to Ms. Mason's attorneys for her benefit, the requirement of 11 U.S.C. § 523(a)(15) that the debt be owed to a former spouse is satisfied. *See In re Tarone*, 434 B.R. at 49. Moreover, this debt appears likely to also satisfy the requirements of a domestic support obligation under Section 523(a)(5). *See In re Rogowski*, 462 B.R. at 446–47.

Nonetheless, the Defendant argues that the Post-Divorce Order voided the earlier Divorce Judgment.  More specifically, the Defendant contends that the parties reached a new settlement of their respective divorce obligations that did not provide for payment of their counsel fees and that the New York Supreme Court approved this new agreement.  *See* Joint Pre-trial Order, Section IV.B, ¶¶ 12–16; *see also* Reply to Plaintiff's Opposition to Defendant's Cross Motion to Dismiss ¶¶ 8–9 (ECF No. 19) (stating Judge Loehr, by signing the Post-Divorce Order, "eradicated Defendant's obligation to pay KGG with one swipe of his pen.").  With no counsel fees owed, the argument goes, the question of discharge is irrelevant.  But this argument fails as a matter of law.

"It is elementary that a final judgment or order represents a valid and conclusive adjudication of the parties' substantive rights . . . ."  *Countrywide Home Loans, Inc. v. Taylor*, 961 N.Y.S.2d 909, 910 (Sup. Ct. Suffolk County 2013) (citing *DaSilva v. Musso*, 76 N.Y.2d 436, 440 (1990)).  Judicial orders and judgments "remain inviolate unless they are reversed by appellate processes or are vacated by the court itself under its inherent powers or those statutorily conferred upon it by CPLR 5015." *Id.* at 910–11.  Of course, a divorce judgment may be modified under certain circumstances.  *See Nesenoff v. Nesenoff*, 754 N.Y.S.2d 284, 285 (App. Div. 2d Dep't 2003).  For example, courts have modified judgments to conform to a prior stipulation entered into by the parties.  *See id.* (modifying divorce judgment to comply with the terms of the parties' stipulation, which was dated before the divorce judgment); *Lafferty v. Lafferty*, 682 N.Y.S.2d 75, 76 (App. Div. 2d Dep't 1998) (modifying provisions of judgment that "impermissibly altered the stipulation of settlement").  But in this case, the judgment for counsel fees was not vacated or amended.  In fact, the Defendant and his former spouse made no effort to do so.  Thus, the judgment remains valid.

The Post-Divorce Stipulation and Post-Divorce Order do not alter the non-dischargeability conclusion here. On the one hand, "[s]tipulations of settlement are favored by the courts and not lightly cast aside." *Sanders v. Copley*, 543 N.Y.S.2d 67, 69 (App. Div. 1st Dep't 1989) (citation omitted). Generally, "a stipulation will only be set aside for good cause, 'such as fraud, collusion, mistake, accident or some other ground of the same nature.'" *Id.* (citing *Matter of Frutiger*, 29 N.Y. 2d 143, 150 (1971)). On the other hand, however, stipulations generally do not bind those who are not parties to them. *See Baksi v. Wallman*, 65 N.Y.S.2d 894, 897 (App. Div. 1st Dep't 1946); *see also* N.Y. C.P.L.R. 2104 ("An agreement between parties or their attorneys relating to any matter in an action, other than one made between counsel in open court, is not binding upon a party unless it is in a writing subscribed by him or his attorney or reduced to the form of an order and entered."). The Plaintiff here did not consent to the Post-Divorce Stipulation and the resulting Post-Divorce Order. Indeed, it is undisputed that the Plaintiff did not receive any notice of either. *See* Joint Pre-Trial Order, Section III, ¶ 27; *see also* Audio of Trial Held on November 6, 2015 at 31:41–32:00. Given the lack of notice, it is not surprising that the Defendant's argument has been rejected by the New York courts. In *Schwartz v. Muir*, 747 N.Y.S.2d 551 (App. Div. 2d Dep't 2002), the New York Supreme Court awarded counsel fees to the former attorney for the wife in a matrimonial action, with the fees to be paid by the husband. *Id.* at 551. The order was reduced to a money judgment. *Id.* Subsequently, the husband and wife entered into a stipulation of settlement disposing of all issues pertaining to the marriage, which provided in part, that "all prior judgments, orders, and rulings entered and made herein are and shall be vacated, nunc pro tunc, upon the signing and filing thereof." *Id.* at 552. The former attorney was not a party to the stipulation and received no notice of the "so-ordered" stipulation. *Id.* The New York Appellate

8

Division, Second Department held that "[i]n the absence of the [former attorney's] consent, or the grant of a motion on notice for an order vacating the money judgment, the stipulation of settlement between the husband and wife . . . did not have the effect of vacating the prior enforceable judgment." *Id.* (citing N.Y. C.P.L.R. 5015(a),(b)).

Even assuming for the sake of the argument that the Post-Divorce Stipulation and Post-Divorce Order could alter the Judgment, the text of the document does not appear to do so.[5] The Post-Divorce Order does not specifically refer to the award of counsel fees or to KGG's Judgment. While the Post-Divorce Order purports to waive and delete several paragraphs of the Divorce Judgment, it does not reference the thirteenth decretal paragraph of the Judgment of Divorce, which is the paragraph that orders the payment of counsel fees. *See* Post-Divorce Order, DX-I; Divorce Judgment, PX-2 at 5; *see cf. LV v. New York City Dep't of Educ.*, 2005 WL 2298173, at *6 (S.D.N.Y. Sept. 20, 2005) (concluding prior post-judgment stipulations entered into by the parties which were silent on the relief presently sought had no effect so as to preclude that relief); *Strober v. Warren Prop. Co.*, 444 N.Y.S.2d 475, 476–77 (App. Div. 2d Dep't 1981) (finding receivership was to continue until court order that it terminate, concluding "[s]ince no decretal paragraph in the final judgment terminated the receivership, it continued subsequent to the entry thereof . . ."); *see also cf. United States v. Spallone*, 399 F.3d 415, 424 (2d Cir. 2005) (stating "[c]ourt orders are construed like other written instruments," thus they are

---

[5] There are reasons to be skeptical of the two spouses' intentions in seeking to change the status quo through the Post-Divorce Stipulation without notice to all parties. Throughout the Divorce Action, the Supreme Court noted the lack of the parties' transparency and honesty into their financial affairs, at one point stating, "The parties, despite having two homes, multiple vehicles, cell phones, televisions, cable and other accoutrements of a middle-class lifestyle, claimed income of only $9,500 in 2009, and $28,000 in 2008. The Court finds this very hard to believe." Divorce Decision at 4 (citing to a prior decision and order rendered in the case on Ms. Mason's motion for contempt). The Supreme Court had also stated, "All of the above history proves that although the parties have reported income on their past tax returns of under $30,000 per year, the Court finds that those numbers bear no resemblance to reality." *Id.* at 7.

9

ordinarily interpreted by examining the four corners of the document, and noting "a court is presumed not to intend to grant relief which was not demanded" (citations omitted)).[6]

**CONCLUSION**

For the reasons set forth above, the Court finds that KGG's Judgment remains valid and is not dischargeable in bankruptcy. Accordingly, the Court decides in favor of Plaintiff on Count One of the Complaint. The Plaintiff is to settle an order on five days' notice. In light of this ruling, the parties shall advise the Court within ten days of this decision of whether any further proceedings are necessary in this adversary case.

Dated: New York, New York
February 22, 2016

/s/ Sean H. Lane
UNITED STATES BANKRUPTCY JUDGE

---

[6] After arguments in the trial were concluded, the Defendant raised a question regarding the text of the notice of the lien filed by KGG in New York Supreme Court, County of Rockland, which identifies a party other than the Defendant, Roger Mason. The notice of lien provides, in relevant part: "Please take notice that the undersigned attorney of record for *Alan Kahn*, the defendant herein, hereby claims a lien in the sum of $75,449.22 . . . ." Notice of Lien, PX-4 (emphasis added). The name in the caption of the notice of lien correctly identifies the Defendant as Roger Mason, *see id.*; Judgment, PX-3. The Plaintiff suggested this incorrect name was a typographical error. In any event, this issue is not properly before the Court because the Defendant did not raise it in any of his pleadings or until after the trial had concluded on the merits. Moreover, the validity of the lien is not relevant to the dischargeability of the debt, and thus, the text of this notice of lien would not change the Court's determination on non-dischargeability.